J-S58031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD HARRIS | : | |
| | : | |
| Appellant | : | No. 560 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 25, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-SA-0000142-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED NOVEMBER 13, 2019**

Appellant, Edward Harris, appeals *pro se* from the March 25, 2019 Judgment of Sentence entered in the Fayette County Court of Common Pleas following his conviction of twenty-three summary offenses involving cruelty to animals.[1]  Appellant alleges that the court denied him due process by relying exclusively on the testimony adduced at his co-defendants' preliminary hearing in determining his guilt.  We are constrained to remand due to a breakdown in the operation of the lower court.

The facts and procedural history are briefly as follows.  On August 1, 2017, the Commonwealth charged Appellant with the above crimes arising from an investigation into the physical condition of dogs and the presence of

_____

[1] 18 Pa.C.S. § 5511(c)(1).  On August 28, 2017, the legislature repealed Section 5511(c)(1).

dog carcasses on property leased by Appellant.[2]   The magistrate court convicted Appellant of all charges, and, on December 13, 2018, Appellant filed a timely summary appeal.

On February 26, 2019, the trial court held Appellant's summary appeal hearing.  At the commencement of the hearing, the trial court appointed Attorney Matthew Jaynes to represent Appellant.[3]  At the hearing, Attorney Jaynes and counsel for the Commonwealth stipulated to the admission of a preliminary hearing transcript taken in the case of co-defendants Melisha Robinson and Regis Grooms.  The court did not take additional testimony, but did hear argument from the Commonwealth and Attorney Jaynes.

On March 25, 2019, the court found Appellant guilty of all charges and sentenced Appellant to twenty-three concurrent terms of time served to twenty days' incarceration.[4]  Appellant filed a timely *pro se* Notice of Appeal.

---

[2] At the time of the investigation and when the Commonwealth charged Appellant, he was incarcerated in federal prison.

[3] According to the Notes of Testimony from the February 26, 2019 summary appeal hearing, the court stated to Attorney Jaynes that "I know you were here for something else, we've appointed you through the Public Defender for [Appellant]." N.T., 2/26/19, at 2.  The trial court clerk did not, however, enter Attorney Jaynes's appointment on the docket.  **See** Pa.R.Crim.P. 113 (outlining the clerk of courts' obligation to maintain the docket).

[4] The lower court docket reflects that the court clerk did not serve Attorney Jaynes with a copy of the court's verdict or sentencing order.  **See** Pa.R.Crim.P. 114(B)(1) (requiring the clerk of courts to serve court orders and notices upon a party's attorney).

On April 15, 2019, the lower court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within twenty-one days.[5] Appellant's Rule 1925(b) Statement does not appear on the lower court docket or in the certified record.

While a defendant's failure to file a Rule 1925(b) statement when ordered to do so by the trial court ordinarily results in waiver of his issues on appeal, this Court's review of the lower court docket indicates that a breakdown in the trial court's operation resulted in Appellant's failure to file a Rule 1925(b) Statement.

Here, the trial court appointed Attorney Jaynes on the record to represent Appellant. Attorney Jaynes thereafter stipulated to the admission of the preliminary hearing transcript and presented argument on Appellant's behalf.[6] The operation of the lower court, however, broke down when the clerk neglected to enter Attorney's Jaynes appearance on the docket and then failed to serve Appellant's appointed counsel with the court's verdict and sentencing order, Appellant's *pro se* Notice of Appeal, and the court's Rule 1925(b) Order.

Owing to this breakdown in the operation of the court, we remand for the Fayette County court clerk to forward, within seven days of the date of

---

[5] The docket reflects that the clerk of courts did not forward the *pro se* Notice of Appeal filed by Appellant to Attorney Jaynes, and did not serve Attorney Jaynes with a copy of the court's April 15, 2019 Pa.R.A.P. 1925 Order. **See** Pa.R.Crim.P. 114(B)(1).

[6] The transcript of the preliminary hearing was the only substantive evidence considered by the court in reaching its verdict.

- 3 -

this Judgment Order, Appellant's *pro se* Notice of Appeal and the court's Rule 1925(b) Order to Appellant's appointed attorney, Matthew Jaynes, Esquire. We direct Attorney Jaynes to file a Rule 1925(b) Statement within twenty-one days thereafter. We direct the trial court to file a Rule 1925(a) Opinion within thirty days thereafter, addressing the issues raised in Appellant's Rule 1925(b) Statement. Appellant may file a Supplemental Appellant's Brief to this Court within thirty days of the filing of the trial court's Rule 1925(a) Opinion. The Commonwealth may file a Reply Brief within fourteen days of the filing of Appellant's Supplemental Brief.

Remanded for proceedings consistent with this Judgment Order. Jurisdiction retained.